

2009 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

11-5-2009

# Jack Hayes v. Furniture Brands International

Precedential or Non-Precedential: Non-Precedential

Docket No. 08-3744

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2009

Recommended Citation

"Jack Hayes v. Furniture Brands International" (2009). *2009 Decisions.* Paper 302.
http://digitalcommons.law.villanova.edu/thirdcircuit_2009/302

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2009 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

No. 08-3744

JACK HAYES,
Appellant

v.

FURNITURE BRANDS INTERNATIONAL, INC.; THOMASVILLE FURNITURE

On Appeal from the United States District Court
For The District of New Jersey
District Judge: Hon. Dennis M. Cavanaugh
D.C. No. 2-06-cv-01688

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
September 29, 2009

Before: McKee, Chagares & Nygaard, Circuit Judges

(Opinion Filed: November 5, 2009)

McKee, Circuit Judge

Jack Hayes appeals the district court's order of summary judgment in favor of

defendants on Hayes' suit alleging illegal age discrimination under the New Jersey Law

Against Discrimination, N.J.S.A. 10:5-1, *et. seq.* We will affirm.

Inasmuch as we are writing primarily for the parties who are familiar with the

factual and procedural background of this case, we need not set forth the facts. We have

reviewed the thoughtful Opinion of the Hon. Dennis M. Cavanaugh, that was filed

August 12, 2008, in which Judge Cavanaugh explains why he concluded based upon the

uncontested evidence, that the defendants are entitled to judgment as a matter of law. Judge Cavanaugh concluded that plaintiff had not established a *prima facie* case of discrimination under the NJLAD, because he had not satisfied his burden of establishing that he was qualified for the job that he was fired from. Judge Cavanaugh disagreed with plaintiff's argument that he had established his qualifications because it was uncontested that plaintiff had been performing the job for more than thirty years prior to termination. *See Zive v. Stanley Roberts*, 182 N.J. 436 (2005).

In reviewing a motion for summary judgment, all of the evidence must, of course, be viewed in the light most favorable to the nonmoving party. *Celotex Corp. v. Catrett*, 477 U.S. 317, 330 (1986). As we have just noted, plaintiff had been employed in his position with the defendant for more than thirty years. The district court dismissed that factor stating: "[e]ven so, Plaintiff cannot produce evidence that he was actually performing his job adequately prior to the termination." JA16. We disagree.

We certainly understand that a reasonable fact finder could conclude that Hayes was not qualified since he had been barred from visiting stores that had an account with the employer when he was fired. The district court concluded that Hayes could therefore not perform his duties and was thus not qualified for his job. That finding led the court to conclude that Hayes had not established a *prima facie* case of employment discrimination. Even though that conclusion is eminently reasonable given Hayes' conduct, we must nevertheless conclude that a reasonable fact finder could also conclude that Hayes was

2

qualified for his job based solely on his 36 years of continued employment. *See Zive, supra*. Accordingly, since we must interpret the evidence in the light most favorable to the plaintiff as the nonmoving party, we conclude that Hayes did establish a *prima facie* case of age discrimination.

However, the district court also reasoned that, even assuming *arguendo*, Hayes was qualified and therefore established a *prima facie* case, he did not come forward with sufficient evidence to allow a reasonable fact finder to conclude that the employer's professed reason for terminating him was a pretext for age discrimination. We agree with that alternative holding.

The uncontested evidence of plaintiff's rude, sexist, insulting and vulgar comments and behavior clearly establishes a nondiscriminatory basis for terminating him. In fact, on this record, it is clear that this appeal of the district court's dismissal of Hayes' employment discrimination claim is as frivolous as the claim itself.

For the reasons set forth above, we will affirm the district court's dismissal of plaintiff's claim of discrimination.